Judge: Marc L. Barreca
Chapter: Chapter 7

# UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | Bankruptcy No. 20-13150-MLB |
| KEVIN FINLEY, | |
| Debtor. | |
| VIRGINIA BURDETTE, TRUSTEE, solely in her capacity as Chapter 7 Trustee of the estate of Kevin Finley, | Adversary No. _____ COMPLAINT |
| Plaintiff, | |
| v. | |
| KEVIN FINLEY, | |
| Defendant. | |

## I. INTRODUCTION

VIRGINIA BURDETTE, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Kevin Finley, by and through her attorneys, Wood & Jones, P.S., complains as set forth below.

## II. JURISDICTION AND VENUE

2.1  This is an action to determine the estate's right title and interest property created by a pre-petition employment contract and compel turnover of that property of the estate and thus is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2) (E), and (O).

COMPLAINT

Page 1 of 4

**Wood & Jones, P.S**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

2.2     This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. §157(a) and (b), 1334(a) and (b), and 11 U.S.C. §§105, 510,541, 542 and a 544.

2.3     This matter has been referred to the Bankruptcy Judges of the District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington.

2.4     Venue is proper under 28 U.S.C. §1409.

### III.     PARTIES

3.1     <u>Debtor</u>. Kevin Finley filed a voluntary Chapter 7 petition on December 29, 2020 ("Debtor") ("Petition Date").

3.2     <u>Trustee</u>. Virginia Burdette ("Trustee") was appointed as the Chapter 7 Trustee for the Finley estate on or about December 29, 2020.  The Trustee is authorized to bring this action pursuant to §§ 105, 510, 541, 542 and 544 of the Bankruptcy Code and does so solely in her capacity as Trustee for the Finley estate.

3.3     <u>Defendant Kevin Finley</u>.    Kevin Finley ("Defendant")  is the Debtor in this case and is a resident of the State of Washington.

### IV.  STATEMENT OF FACTS

4.1     On October 8, 2020 the Debtor signed an employment contract which provided for 1) a salary of $152,000; 2) a $200,000 signing bonus to be paid over a one-year period in prorated pay period installments;  3) a $150,000 signing bonus on the one-year anniversary to be  paid as set forth in paragraph 2 above and 4)  142 shares of stock which would vest as follows: a) 5% on the 15th day of the first year anniversary; b) an additional 15% on the 15th day of the second year anniversary;  c) an additional 20% every six months thereafter until fully vested; and d) restricted stock unit grant based on performance in the year 2022 ("Pre-Petition Employment Contract  Assets").

COMPLAINT

Page 2 of 4

**Wood & Jones, P.S**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

4.2     The Debtor's employment started on October 26, 2020. The Debtor had to show up to work in order to obtain the signing bonus and the stock options.  The Debtor worked 64 days before he filed for bankruptcy. Thus, 17.53% of the one year signing bonus and the stock options is routed in the pre-bankruptcy past.  The Debtor also received 142 stock options if he worked for the next four years, which is 5.6% of the stock options.

17.53% of the $200,000 signing bonus is $35,060.00.

17.53 % of the $155,000 signing bonus is $27,171.50.

The value of the stock options would be determined on the date they are fully vested. However, on December 1, 2022 Amazon had 20-1 stock option split increasing the amount of stock from 142 shares to 2,840 shares. The percentage interest has stayed the same.  Thus, the Trustee would own 17.53 % of the stock or 497.85 shares of the stock.

4.3     Pursuant to Section 541(a), when a bankruptcy petition is filed a bankruptcy estate is created.  Congress intended the scope of 541(a)(1) to be  broad and it encompasses all legal or equitable interests of the debtor in property as of the commencement of the case and includes a debtor's contingent interests in future payments, as long as that interest is "sufficiently rooted" in the debtor's prepetition past, even if that interest is reliant on future contingencies that have not occurred as of the Petition Date.  The Pre-Petition Employment Contract Assets constitute estate assets pursuant to Section 541(a) of the Bankruptcy Code.

4.4     The contingent interests of the debtor created by the Pre-Petition Employment Contract Assets are sufficiently rooted in the pre-bankruptcy past and as such constitutes property of the estate that the Trustee may use, sell or lease.

### V. FIRST CAUSE OF ACTION – TURNOVER OF PROPERTY OF THE ESTATE 11 U.S.C. § 542

5.1     Paragraphs I through IV and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

COMPLAINT

Page 3 of 4

**Wood & Jones, P.S**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

5.2     The Defendant is in possession, custody or control of the Pre-Petition Employment Contract Assets that the Trustee may use and/or sell to pay the obligations of these Debtor.

**VI. SECOND CAUSE OF ACTION – DETERMINATION OF RIGHT, TITLE AND INTEREST IN PROPERTY OF THE ESTATE 11 U.S.C. § 544**

6.1     Paragraphs I through V and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

6.2     The Trustee is entitled to a determination as to right, title and interest in the Pre-Petition Employment Contract Assets including the signing bonuses and stock options.

**VII. PRAYER FOR RELIEF**

7.1     The Plaintiff asks for the following relief:

7.2     That the Court determine the extent of the estate's right, title and interest in the Pre-Petition Employment Contract Assets and order Turnover of those assets pursuant to sections 541(A), 544 and 542 of the Bankruptcy Code.

Dated this 28th day of December, 2022.

WOOD & JONES, P.S.

*/s/ Denice E. Moewes*
Denice E. Moewes, WSB #19464
Attorney for Chapter 7 Trustee
Virginia Burdette

COMPLAINT

Page 4 of 4

**Wood & Jones, P.S**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382